UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARIA LOMBERA,<br><br>            Plaintiff,<br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>            Defendants.<br>_____/ | No. C 12-06463 LB<br><br>**AMENDED ORDER CONTINUING THE HEARING ON WELLS FARGO'S MOTION TO DISMISS**<br><br>[Re: ECF No. 6] |

Plaintiff Maria Lombera filed this action on December 20, 2013.  Complaint, ECF No. 1.  She served defendant Wells Fargo Bank, N.A. with the complaint and summons on December 28, 2013, and Wells Fargo has appeared and now moves to dismiss Ms. Lombera's complaint.  Proof of Service (Wells Fargo), ECF No. 4; Motion, ECF No. 6.  Ms. Lombera and Wells Fargo both consented to the undersigned's jurisdiction.  Consent (Lombera), ECF No. 9; Consent (Wells Fargo), ECF No. 10; *see* 28 U.S.C. § 636(c).[1]  Apparently, Ms. Lombera served defendant The Bank of New

---

[1] 28 U.S.C. § 636(c) provides in relevant part: "Notwithstanding any provision of law to the contrary—(1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."  If all parties (excluding unserved defendants, *see Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995))) do not consent to the undersigned's jurisdiction, the case must be reassigned to a district judge.  *See Young v. Williams*, 393 Fed. Appx. 516, 517 (9th Cir. 2010) ("a magistrate judge may, upon the consent of all parties, exercise jurisdiction over all proceedings in a civil matter") (citing

York (or The Bank of New York Mellon, *compare* Complaint, ECF No. 1 ¶ 9 *with id*. ¶ 17) ("BNY Mellon") with the complaint and summons on January 8, 2013, but, surprisingly, it has not appeared or answered or otherwise responded to the complaint. Proof of Service (BNY Mellon), ECF No. 5.

In light of the failure of BNY Mellon to appear and, thus, to consent to or decline the undersigned's jurisdiction, the court **CONTINUES** the hearing on Wells Fargo's motion from March 7, 2013 to **Thursday, April 18, 2013 at 11:00 a.m.** in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.[2] The court **ORDERS** Ms. Lombera to personally serve a copy of this order on BNY Mellon no later than Monday, March 11, 2013.

**IT IS SO ORDERED.**

Dated: March 1, 2013

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

28 U.S.C. § 636(c)); *JPMorgan Chase Bank, N.A. v. Chavez*, No. C 11–5129 PSG, 2011 WL 6760349, at *1 n.3 (N.D. Cal. Dec. 5, 2011) ("This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings." (citing 28 U.S.C. § 636(c)(1); *Tripati v. Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988)).

[2] The court note that its previous order (ECF No. 13) continued the hearing on Wells Fargo's motion to dismiss to April 17, 2013. This was a mistake. The hearing is continued to Thursday, April 18, 2013 at 11:00 a.m.

C 12-06463 LB
ORDER                    2