UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARIA LOMBERA, | No. C 12-06463 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | [Re: ECF Nos. 6, 17, 18] |
| Defendants. | |

Plaintiff Maria Lombera brings this lawsuit against several defendants for claims arising out of a mortgage loan and the subsequent foreclosure on the property securing that loan. See generally Complaint, ECF No. 1.[1] Two of the defendants—Wells Fargo Bank, N.A. ("Wells Fargo") and The Bank of New York Mellon ("BNY") were served with the complaint and summons, and now they move to dismiss Ms. Lombera's complaint. Motion to Dismiss, ECF No. 6; Amended Motion for Joinder (BNY), ECF No. 17.[2]

---

[1] Citations are to the Electronic Case File ("ECF"), with pin cites to the electronically-generated page numbers at the top of the document.

[2] BNY filed a motion to join Wells Fargo's motion to dismiss on March 12, 2013. *See* Original Motion for Joinder (BNY), ECF No. 15. Ms. Lombera has not filed an opposition for BNY's motion. Although BNY's motion to join Wells Fargo's motion was made well after the deadline for it to file an answer (BNY was served on January 8, 2013), Federal Rule of Civil Procedure 12(b) expressly provides that a motion premised on any of the defenses enumerated therein must be made prior to the filing of a responsive pleading, and BNY has yet to file one. *See Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1340-41 (9th Cir. 1976). Accordingly, the court

C 12-06463 LB
ORDER

1   Upon review of the complaint and the moving papers, it immediately is apparent that, given
2   numerous factual inconsistencies and uncertainties, the court cannot reach the merits of Wells Fargo
3   and BNY's motion at this time. First, as an initial matter, it is not entirely clear whom Ms. Lombera
4   has sued. The caption of her complaint lists as "Defendants" Wells Fargo, BNY, and "World
5   Savings Pass-Through Certificates Series 31 Trust," but Ms. Lombera also mentions other entities
6   throughout her complaint. For example, in the section her complaint titled "The Parties," Ms.
7   Lombera includes herself, Wells Fargo, BNY, "WSR 31 World Savings REMIC Trust," and "World
8   Savings Bank," but she fails to include World Savings Pass-Through Certificates Series 31 Trust.
9   *See* Complaint, ECF No. 1 ¶¶ 6-10. Ms. Lombera also describes World Savings Bank as a defendant
10  in a subject heading that appears before Paragraph 29 of her complaint. *Id.* at 7. And in the section
11  of her complaint titled "Jurisdiction, Venue, and Parties," Ms. Lombera mentions herself, Wells
12  Fargo, BNY, and WSR 31 World Savings REMIC Trust, but she fails to mention World Savings
13  Bank or World Savings Pass-Through Certificates Series 31 Trust. *Id.* ¶¶ 15-18.

14  Second, the court frankly does not understand Ms. Lombera's basic underlying theory or
15  theories. The basic idea appears to be that, as a consequence of the "securitization" of promissory
16  note, the defendants lost any right to foreclosure on Ms. Lombera's property (whatever property that
17  may be). Sometimes, Ms. Lombera alleges that BNY has no authority to foreclosure on the property
18  because the beneficiaries of the WSR 31 World Savings REMIC Trust never conferred authority on
19  BNY to initiate foreclosure proceedings. Complaint, ECF No. 1 ¶ 24(i). At other times, Ms.
20  Lombera alleges that the promissory note has been paid off in full. *Id.* ¶ 28. At still other times, Ms.
21  Lombera alleges that neither Wells Fargo nor WSR 31 World Savings REMIC Trust can claim
22  ownership of the promissory note because World Savings Bank "failed to proper[l]y assign or
23  endorse" it to them, and that World Savings Bank never properly transferred or assigned the
24  promissory note to any other party, either because the attempted transfer to WSR 31 World Savings
25  REMIC Trust occurred after the trust's closing date, because World Savings Bank never "physically
26  delivered" the promissory note to WSR 31 World Savings REMIC Trust, or because the promissory

27
28
**GRANTS** BNY's amended motion to join Wells Fargo's motion to dismiss.

C 12-06463 LB
ORDER                              2

UNITED STATES DISTRICT COURT
For the Northern District of California

note and the deed of trust have been "separated." *Id.* ¶ 30, 35, 36, 41, 44.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, Federal Rule of Civil Procedure 9(b) requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

Ms. Lombera's opposition brief fails to show how her complaint satisfies these standards. She relies on *Conley v. Gibson*, 355 U.S. 41 (1957), arguing that it is "well established . . . [that] a complaint may only be dismissed if it appears beyond doubt that Plaintiff can prove no set of facts in support of its claim entitling it to relief." But as Judge Seeborg of this Court recently pointed out to Ms. Lombera's counsel on a similar motion in a similar action, *see Chandra v. Bank of Am.*, No. C12-6283 RS, ECF No. 21 (N.D. Cal. Feb. 26, 2013), in 2007 the United States Supreme Court

made clear that this "famous observation" had "earned its retirement" and is "best forgotten." *Twombly*, 550 U.S. at 563.  Ms. Lombera also argues that Wells Fargo and BNY are relying on matters outside the complaint, but she fails to recognize, however, that the only documents on which their motion relies, other than the complaint, are publicly recorded property records of which judicial notice may be taken.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  And with respect to the merits of Wells Fargo and BNY's motion, she omits any discussion of several of her claims, and her arguments about her claims for declaratory relief and to quiet title merely repeat the allegations of her complaint and do not address the arguments made by Wells Fargo and BNY.  Moreover, the underlying theory or theories that she appears to be pursuing have repeatedly been rejected by courts, and she has not articulated any basis for a different outcome here.  *See*, *e.g.*, *Tall v. Mortgage Elec. Registration Sys., Inc.*, No. C 12-05348 WHA, 2012 WL 6680183 (N.D. Cal. Dec. 21, 2012).

Accordingly, the court **GRANTS** Wells Fargo and BNY's motion and **DISMISSES WITHOUT PREJUDICE** Ms. Lombera's complaint.[3]  Although leave to amend will be granted, Ms. Lombera is cautioned that any amended complaint must clearly and accurately state her factual allegations and that she must pursue only such claims that she has a good faith legal and factual basis to assert.  Any amended complaint shall be filed no later than May 10, 2013.  If no amended complaint is filed, this action will be dismissed without further notice.

**IT IS SO ORDERED.**

Dated: April 15, 2013

LAUREL BEELER
United States Magistrate Judge

---

[3] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the April 18, 2013 hearing.  Accordingly, Ms. Lombera's administrative motion to appear by telephone at the hearing is **DENIED** as moot.  *See* Administrative Motion, ECF No. 18.

C 12-06463 LB
ORDER                                            4