1

2

3

4

5

6

7

8                           UNITED STATES  DISTRICT COURT

9                             Northern District of California

10                              San Francisco Division

11   MARIA LOMBERA,                              No. C 12-06463 LB

12                  Plaintiff,              **ORDER DISMISSING WITHOUT**
                                            **PREJUDICE PLAINTIFF'S ACTION**
13        v.

     WELLS FARGO BANK, N.A., et al.,
14
                  Defendants.
15   _____/

16        Plaintiff Maria Lombera brought this lawsuit against several defendants for claims arising out of

17   a mortgage loan and the subsequent foreclosure on the property securing that loan.  *See generally*

18   Complaint, ECF No. 1.[1]  Two of the defendants—Wells Fargo Bank, N.A. ("Wells Fargo") and The

19   Bank of New York Mellon ("BNY") (collectively, "Defendants")—were served with the complaint

20   and summons, and they moved to dismiss Ms. Lombera's complaint.  Motion to Dismiss, ECF No.

21   6; Amended Motion for Joinder (BNY), ECF No. 17.  On April 16, 2013, the court granted

22   Defendants' motion and dismissed without prejudice Ms. Lombera's complaint.  4/16/2013 Order,

23   ECF No. 19 at 4.  The court stated that "[a]ny amended complaint shall be filed no later than May

24   10, 2013.  If no amended complaint is filed, this action will be dismissed without further notice." *Id.*

25        To date, Ms. Lombera has not filed an amended complaint, and the court has received no further

26   indication that she intends to prosecute this action.  *See generally* Docket.

27   _____

28        [1] Citations are to the Electronic Case File ("ECF"), with pin cites to the electronically-
     generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v.*

2  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a claim for

3  failure to prosecute or failure to comply with a court order, the court weighs the following factors:

4  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

5  docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic

6  alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v.*

7  *Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,*

8  46 F.3d 52, 53 (9th Cir. 1995).  These factors are a guide and "are 'not a series of conditions

9  precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability*

10 *Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158

11 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support

12 dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El*

13 *Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

14   Here, four factors support dismissal.  Ms. Lombera has not filed an amended complaint, even

15 though it is past the court's deadline for doing so.  This certainly is not "expeditious litigation," and

16 the court must keep the cases on its docket moving.  There also is no risk of prejudice to the

17 Defendants.  Finally, the court already tried to move this case along by issuing an order that clearly

18 explained to Ms. Lombera the deficiencies in her complaint, and gave her leave to file an amended

19 complaint that corrects those deficiencies.

20   In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal.

21 Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Lombera's action for failure to

22 prosecute.[2]  The Clerk of the Court shall close the file.

23   **IT IS SO ORDERED.**

24 Dated: May 15, 2013

25                                                                    _____
                                                                     LAUREL BEELER
26                                                                    United States Magistrate Judge

27 _____

28   [2] The court notes that Defendants filed a motion to dismiss Ms. Lombera's action on May 15,
2013.  Motion, ECF No. 20.  In light of the court's previous warning and the court's decision now,
Defendants' motion is moot.