UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARIA LOMBERA, | No. C 12-06463 LB |
| Plaintiff, | **ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

Plaintiff Maria Lombera brought this lawsuit against several defendants for claims arising out of a mortgage loan and the subsequent foreclosure on the property securing that loan. *See generally* Complaint, ECF No. 1.[1]  Two of the defendants—Wells Fargo Bank, N.A. ("Wells Fargo") and The Bank of New York Mellon ("BNY") (collectively, "Defendants")—were served with the complaint and summons, and they moved to dismiss Ms. Lombera's complaint.  Motion to Dismiss, ECF No. 6; Amended Motion for Joinder (BNY), ECF No. 17.  On April 16, 2013, the court granted Defendants' motion and dismissed without prejudice Ms. Lombera's complaint.  4/16/2013 Order, ECF No. 19 at 4.  The court stated that "[a]ny amended complaint shall be filed no later than May 10, 2013.  If no amended complaint is filed, this action will be dismissed without further notice." *Id.*

To date, Ms. Lombera has not filed an amended complaint, and the court has received no further indication that she intends to prosecute this action. *See generally* Docket.

---

[1] Citations are to the Electronic Case File ("ECF"), with pin cites to the electronically-generated page numbers at the top of the document.

C 12-06463 LB
ORDER

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Ms. Lombera has not filed an amended complaint, even though it is past the court's deadline for doing so. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the Defendants. Finally, the court already tried to move this case along by issuing an order that clearly explained to Ms. Lombera the deficiencies in her complaint, and gave her leave to file an amended complaint that corrects those deficiencies.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Lombera's action for failure to prosecute.[2] The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: May 15, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] The court notes that Defendants filed a motion to dismiss Ms. Lombera's action on May 15, 2013. Motion, ECF No. 20. In light of the court's previous warning and the court's decision now, Defendants' motion is moot.